## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN SILVERMAN, an individual,<br><br>*Plaintiff,*<br><br>v.<br><br>PAYWARD, INC., a Delaware corporation; PAYWARD VENTURES, INC., a Delaware corporation; and INFINITUDE, LTD., a Delaware corporation,<br><br>*Defendants.* | Case No. 1:19-cv-02997-JSR |

### ANSWER AND COUNTERCLAIM OF DEFENDANTS PAYWARD, INC., PAYWARD VENTURES, INC., AND INFINITUDE, LTD.

Defendants Payward Inc., Payward Ventures, Inc., and Infinitude Ltd. ("Defendants," "Kraken," or the "Company"), and Counterclaim Plaintiff Payward Inc., by and through their attorneys, Pierce Bainbridge Beck Price & Hecht LLP, respectfully submit this Answer and Counterclaim to the Amended Complaint, dated June 21, 2019, filed by Plaintiff and Counterclaim Defendant Jonathan Silverman ("Plaintiff" or "Silverman").

### ANSWER

In response to the specific allegations contained in the Complaint, Kraken states as follows:

### NATURE OF THE ACTION

1.      Kraken denies the allegation in paragraph 1 of the Amended Complaint that Kraken breached any employment agreement between Kraken and Plaintiff and respectfully

refers the Court to the offer letter attached as Exhibit A to the Amended Complaint, which is the only employment agreement entered into between the parties.  Kraken fully performed under this agreement.

2.      Kraken denies the allegations in paragraph 2 of the Amended Complaint.

3.      Kraken admits that the Amended Complaint purports to assert the causes of action identified in paragraph 3, but denies that any of the causes of action have merit or entitle Silverman to any relief.  Kraken admits that Plaintiff's employment was terminated.

4.      Kraken denies the allegations in paragraph 4 of the Amended Complaint.

## PARTIES, JURISDICTION, AND VENUE
### THE PARTIES

5.      Kraken admits the allegations in paragraph 5 of the Amended Complaint.

6.      Kraken admits the allegations in paragraph 6 of the Amended Complaint.

7.      Kraken admits the allegations in paragraph 7 of the Amended Complaint.

8.      Kraken admits the allegations in paragraph 8 of the Amended Complaint.

9.      Kraken avers that paragraph 9 of the Amended Complaint sets forth legal conclusions to which no response is required and denies that Defendants are one-and-the-same business.  Only Payward Inc. was Plaintiff's employer.

10.     Kraken avers that paragraph 10 of the Amended Complaint sets forth speculation and legal conclusions to which no response is required.

## JURISDICTION AND VENUE

11.     Kraken avers that paragraph 11 sets forth legal conclusions to which no response is required.

12.      Kraken avers that paragraph 12 sets forth legal conclusions to which no response is required.

13.      Kraken avers that paragraph 13 sets forth legal conclusions to which no response is required.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION
### KRAKEN'S BUSINESS

14.      Kraken admits the allegations in paragraph 14 of the Amended Complaint.

15.      Kraken admits the allegations in paragraph 15 of the Amended Complaint.

### PLAINTIFF'S EMPLOYMENT WITH KRAKEN

16.      Kraken admits the allegations in the first sentence of paragraph 16 of the Amended Complaint, except that Kraken did not hire Plaintiff to relocate the business to New York.  Kraken admits that it hired Plaintiff in or about April 2017.  Kraken admits the allegations in the second sentence of paragraph 16 of the Amended Complaint.

17.      Kraken admits the allegations in the first three lines of paragraph 17 and the allegations in paragraph 17(a) of the Amended Complaint, but denies the allegation in paragraph 17(b) of the Amended Complaint that Silverman's employment agreement entitled him to compensation from a stock option plan at the time of his employment.  With respect to paragraph 17(b), Kraken respectfully refers the Court to the offer letter attached as Exhibit A to the Amended Complaint for a full and complete statement of Silverman's employment terms at the time of his employment.

18.      Kraken denies the allegations in paragraph 18 of the Amended Complaint.  With respect to the first sentence, Kraken respectfully refers the Court to the offer letter which provides only that Kraken expected to supplement the offer letter, after further discussions with

3

Plaintiff "with additional terms to be mutually agreed to, concerning *potential* equity compensation, *potential* bonus calculations and targets, and other terms applicable to this position and [Plaintiff's] business proposal." (emphasis added).  Kraken clarifies that it discussed a potential bonus that Plaintiff may receive based on certain targets and continued employment with Kraken but the parties never reached agreement on material terms of Plaintiff's potential bonus, particularly how the bonus would be calculated.  Discussions regarding Plaintiff's potential bonus ended in or about August 2017 with no agreement reached between the parties.

19.     Kraken denies the allegations in paragraph 19 of the Amended Complaint, except that Jesse Powell discussed with Plaintiff potential bonus compensation Plaintiff could potentially receive if he achieved certain targets and maintained employment through the time the Company paid bonuses.  The parties never reached agreement on material terms of Plaintiff's potential bonus, particularly how the bonus would be calculated.  Discussions regarding Plaintiff's potential bonus ended in or about August 2017 with no agreement reached between the parties.

20.     Kraken denies the allegations in paragraph 20 of the Amended Complaint as there was no employment agreement entered into between the parties under the terms of the preceding paragraphs.

21.     Kraken admits the allegations in paragraph 21 of the Amended Complaint, except that the parties' discussions did not result in an agreement on the terms of any potential bonus compensation and no "Employment Agreement" was entered into between the parties except for the offer letter attached as Exhibit A to the Amended Complaint.

22.     Kraken denies the allegations in paragraph 22 of the Amended Complaint.

23.     Kraken denies the allegations in paragraph 23 of the Amended Complaint.

24.     Kraken denies the allegations in paragraph 24 of the Amended Complaint.

25.     Kraken denies the allegations in paragraph 25 of the Amended Complaint.

26.     Kraken admits the allegations in paragraph 26 of the Amended Complaint, except that Kraken clarifies Plaintiff was terminated in or about December 2017 and received his final pay for wages earned on December 29, 2017.  Kraken did send Plaintiff a final paycheck after his termination, on or about January 10, 2018, which solely constituted payment for Plaintiff's untaken accrued vacation.  Plaintiff received his full salary under the offer letter from April 2017 through December 2017.

27.     Kraken admits the allegations in paragraph 27 of the Amended Complaint.

28.     Kraken admits the allegations in paragraph 28 of the Amended Complaint.

29.     Kraken admits the allegations in paragraph 29 of the Amended Complaint.

30.     Kraken admits the allegations in paragraph 30 of the Amended Complaint except that the allegations mischaracterize the nature of Robert Frost's work.

31.     Kraken admits the allegations in paragraph 31 of the Amended Complaint, except denies that Pamela Merkadeau attended the meetings.

32.     Kraken admits the allegations in paragraph 32 of the Amended Complaint.

33.     Kraken denies the allegations in paragraph 33 of the Amended Complaint.

## KRAKEN'S BREACH OF SETTLEMENT AGREEMENT BETWEEN THE PARTIES

34.     Kraken admits the allegations in paragraph 34 of the Amended Complaint, but clarifies that Plaintiff was not given any performance reviews, positive or negative, as he was employed at Kraken for only nine months.

35.     Kraken denies the allegations in paragraph 35 of the Amended Complaint and respectfully refers the Court to paragraph 33 of Plaintiff's initial Complaint in this action in which he truthfully alleged that he was terminated in December 2017.

36.     Kraken admits the allegations in paragraph 36 of the Amended Complaint.

37.     Kraken admits the allegations in paragraph 37 of the Amended Complaint, but clarifies that Plaintiff's only role at the time was to facilitate the transition of accounts and clients.  Plaintiff did not perform any of his former job-related duties after his termination in or about December 2017.

38.     Kraken admits the allegations in paragraph 38 of the Amended Complaint.

39.     Kraken denies the allegations in paragraph 39 of the Amended Complaint, except Kraken admits that Plaintiff performed some transition activity following his termination. Kraken denies that Plaintiff performed any of his former job-related duties following his termination and denies that Robert Adler was transitioned to a more substantial role in managing the Trading Desk.

40.     Kraken denies the allegations in paragraph 40 of the Amended Complaint.

41.     Kraken denies the allegations in paragraph 41 of the Amended Complaint  as Plaintiff was not entitled to any stock compensation prior to his termination.  With respect to this allegation, Kraken respectfully refers the Court to the offer letter attached as Exhibit A to the Amended Complaint for a full and complete statement of Silverman's employment terms and the compensation he was entitled to during the nine months he worked for Kraken.

42.     Kraken denies the allegations in paragraph 42 of the Amended Complaint, except admits that the parties engaged in discussions beginning in December 2017 and the parties' counsel engaged in discussions from August 2018 through November 2018 regarding a potential

settlement of any claims Silverman intended to bring related to his termination—these discussions were not about compensating Plaintiff for any bonus.

43.     Kraken admits that Jesse Powell made the statements alleged in paragraph 43 of the Amended Complaint, but denies that these were representations made as an offer to form a contract as the Amended Complaint alleges.  These statements were made to facilitate agreement on a settlement amount, but at the time these statements were made, Kraken had already informed Plaintiff of other material terms that would be necessary to reach a settlement agreement.  Jesse Powell's statements were intended to get the parties to agree to a settlement amount that would constitute one of multiple material terms within the parties' overall settlement agreement.  The parties never came to an agreement on other material terms and the settlement agreement was never formed.

44.     Kraken admits the allegations in paragraph 44 of the Amended Complaint, except denies that Silverman's acceptance of the monetary figure constituted a settlement agreement as Silverman had not accepted any of Kraken's other material terms.

45.     Kraken denies the allegations in paragraph 45 of the Amended Complaint, except admits that Pamela Merkadeau is in-house counsel at Kraken and did communicate with Plaintiff's counsel at the time, but Ms. Merkadeau never confirmed the existence of a settlement agreement.  Rather, Ms. Merkadeau and Plaintiff's counsel spent months negotiating the terms of a potential settlement agreement that was never entered into by the parties.

46.     Kraken denies the allegations in paragraph 46 of the Amended Complaint.

47.     Kraken denies the allegations in paragraph 47 of the Amended Complaint.

48.     Kraken admits that Pamela Merkadeau submitted an affidavit to the Court as alleged in paragraph 48 of the Amended Complaint, but clarifies that although the material terms

of the settlement described in that affidavit were negotiated by the parties, the parties never reached agreement on those material terms and never entered into a settlement.

49.     Kraken denies the allegations in paragraph 49 of the Amended Complaint, except admits that Jesse Powell did write the quoted language. But, Jesse Powell's statements were in the context of attempting to reach an agreement on a monetary figure that would be part of a potential settlement agreement.  The parties did not agree to other material terms necessary to form a settlement agreement.

50.     Kraken denies the allegations in paragraph 50 of the Amended Complaint.

51.     Kraken denies the allegations in paragraph 51 of the Amended Complaint, except avers that to the extent paragraph 51 sets forth legal conclusions, no response is required.

52.     Kraken denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint as they pertain to Plaintiff's actions in this lawsuit.

<u>**COUNT I – BREACH OF CONTRACT**</u>
**(the Powell Settlement Agreement)**

53.     Kraken denies the allegations in paragraph 53 of the Amended Complaint, except avers that to the extent paragraph 53 of the Amended Complaint sets forth legal conclusions, no response is required.

54.     Kraken denies the allegations in paragraph 54 of the Amended Complaint, except avers that to the extent paragraph 54 of the Amended Complaint sets forth legal conclusions, no response is required.

55.     Kraken denies the allegations in paragraph 55 of the Amended Complaint.

## COUNT II – BREACH OF CONTRACT
### (Employment Agreement)

56.     Kraken denies the allegations in paragraph 56 of the Amended Complaint, except avers that to the extent paragraph 56 of the Amended Complaint sets forth legal conclusions, no response is required.

57.     Kraken denies the allegations in paragraph 57 of the Amended Complaint, except avers that to the extent paragraph 57 of the Amended Complaint sets forth legal conclusions, no response is required.

58.     Kraken denies the allegations in paragraph 58 of the Amended Complaint, except avers that to the extent paragraph 58 of the Amended Complaint sets forth legal conclusions, no response is required.

## COUNT III – QUANTUM MERUIT

59.     Kraken admits the allegations in paragraph 59 of the Amended Complaint, except avers that to the extent paragraph 59 of the Amended Complaint sets forth legal conclusions, no response is required.

60.     Kraken admits the allegations in paragraph 60 of the Amended Complaint, except denies that Kraken "freely" accepted and retained Plaintiff's services.  Kraken paid Plaintiff for his services with a salary and benefits.  Kraken respectfully refers the Court to the offer letter attached as Exhibit A to the Amended Complaint for a full and complete statement of Silverman's employment terms.

61.     Kraken denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint as they pertain to Plaintiff's expectations.

62.     Kraken denies the allegations in paragraph 62 of the Amended Complaint, except avers that to the extent paragraph 62 of the Amended Complaint sets forth legal conclusions, no response is required.

63.     Kraken denies the allegations in paragraph 63 of the Amended Complaint.

64.     Kraken denies the allegations in paragraph 64 of the Amended Complaint, except avers that to the extent paragraph 64 of the Amended Complaint sets forth legal conclusions, no response is required.

## COUNT IV – UNJUST ENRICHMENT

65.     Kraken admits the allegations in paragraph 65 of the Amended Complaint, except avers that to the extent paragraph 65 of the Amended Complaint sets forth legal conclusions, no response is required.

66.     Kraken admits the allegations in paragraph 66 of the Amended Complaint, except denies that Kraken "freely" accepted and retained Plaintiff's services.  Kraken paid Plaintiff for his services with a salary and benefits.  Kraken respectfully refers the Court to the offer letter attached as Exhibit A to the Amended Complaint for a full and complete statement of Silverman's employment terms.

67.     Kraken denies the allegations in paragraph 67 of the Amended Complaint, except avers that to the extent paragraph 67 of the Amended Complaint sets forth legal conclusions, no response is required.

68.     Kraken denies the allegations in paragraph 68 of the Amended Complaint.

69.     Kraken denies the allegations in paragraph 69 of the Amended Complaint, except avers that to the extent paragraph 69 of the Amended Complaint sets forth legal conclusions, no response is required.

70.     Kraken denies  the allegations in paragraph 70 of the Amended Complaint, except

avers that to the extent paragraph 70 of the Amended Complain sets forth the legal conclusions,

no response is required.  Kraken denies any allegations that Plaintiff produced a windfall of

profits for Kraken.

71.     Kraken denies the allegations in paragraph 71 of the Amended Complaint, except

avers that to the extent paragraph 71 of the Amended Complaint sets forth legal conclusions, no

response is required.

WHEREFORE Kraken avers that Plaintiff is not entitled to judgment against Kraken on

any grounds or to any of the relief requested in the Amended Complaint and as summarized in

paragraphs (a) through (d) of the Wherefore clause in the Amended Complaint.

## AFFIRMATIVE DEFENSES

For its further and separate affirmative defenses to the Complaint, Kraken avers as

follows:

## FIRST AFFIRMATIVE DEFENSE

72.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

73.     Silverman's claims are barred by the doctrine of unclean hands, estoppel, or *in

pari delicto*.

## THIRD AFFIRMATIVE DEFENSE

74.     Silverman's claims are barred on the grounds that any alleged contractual obligation on the part of Defendants never arose due to the failure of occurrence of a condition precedent and/or Plaintiff's failure to perform a condition precedent.

## FOURTH AFFIRMATIVE DEFENSE

75.     Silverman's claims regarding his oral employment agreement are barred by the New York Statute of Frauds.

## FIFTH AFFIRMATIVE DEFENSE

76.     Silverman's claims regarding the settlement agreement are barred on the ground that Plaintiff's failure to perform under the contract constituted a repudiation of the same, thereby excusing Defendants from any performance obligations set forth in the contract.

## SIXTH AFFIRMATIVE DEFENSE

77.     Silverman's claims are barred because they were brought in bad faith, have no basis in law or fact, and any alleged breach of contract or equitable relief claim is barred as a result.

## SEVENTH AFFIRMATIVE DEFENSE

78.     Silverman's contract claims are barred because the contracts are unenforceable as a matter of law for lack of adequate consideration and they are not written, so they are also unenforceable if made for past consideration.

## EIGHTH AFFIRMATIVE DEFENSE

79.     Silverman's contract claims are barred because the parties did not mutually assent to the alleged contracts' terms.

## NINTH AFFIRMATIVE DEFENSE

80.     Silverman's claims are barred by failure to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

81.     Silverman's settlement agreement claims are barred because Silverman failed to give adequate assurances and Defendants' performance was excused by Plaintiff's anticipatory and actual breach.

## ADDITIONAL AFFIRMATIVE DEFENSES

82.     Defendants have insufficient information upon which to form a belief as to whether they may have additional yet unstated affirmative defenses.  Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates they are appropriate.

WHEREFORE, Defendants pray for an entry of an award providing relief as follows:

A.  Judgment against Plaintiff on his causes of action;

B.  Dismissal with prejudice of the Amended Complaint in its entirety;

C.  Judgment that Plaintiff's claims are unreasonable and/or were filed in bad faith, are frivolous and/or perjurious and, for those reasons, justify an award of attorneys' fees, interest, costs, expenses, and disbursements incurred in this action; and

D.  Such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff Payward Inc. ("Counterclaim Plaintiff," "Kraken," or the "Company") asserts the following counterclaim against Plaintiff and Counterclaim Defendant Jonathan Silverman ("Counterclaim Defendant" or "Silverman"), and alleges upon knowledge as to itself and its own acts and upon information and belief as to all other matters:

## PRELIMINARY STATEMENT

1.      Counterclaim Defendant Jonathan Silverman, a former employee of Counterclaim Plaintiff Kraken alleges the parties entered into a settlement agreement in which he released his employment claims against Kraken for a monetary payment.  Kraken disputes that the parties entered into such a settlement agreement in its Answer to Silverman's Amended Complaint, but pleads this counterclaim in the alternative.

2.      If the parties did enter into a settlement agreement, the agreement required Silverman to release his employment claims against the Company and keep certain information confidential in exchange for a monetary payment from Kraken.

3.      Before Kraken's performance was due under the purported settlement agreement, and without attempting to engage in discussions with Kraken or request Kraken provide money pursuant to the settlement agreement, Silverman sued Kraken in court.  Silverman's suit included employment claims that would have been released by any settlement agreement and publicly disclosed information that Silverman would have agreed to keep confidential as part of any settlement agreement.

4.      As such, to the extent a settlement agreement was formed, Silverman breached that settlement agreement and by doing so eliminated any consideration Kraken would have received under the settlement agreement.

14

5.      Kraken requests that the Court rescind the settlement agreement and/or provide Kraken damages in an amount to be determined at trial for harm Kraken has experienced because of Silverman's claims and his public revelation of confidential information.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction pursuant to 28 U.S.C. § 1332.  The action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.

7.      This Court has personal jurisdiction over Counterclaim Defendant because he resides in this jurisdiction.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the causes of action accrued in this jurisdiction.

## THE PARTIES

9.      Counterclaim Plaintiff Payward, Inc. is a Delaware corporation with its principle place of business in San Francisco, California.  Kraken operates a virtual cryptocurrency (e.g., Bitcoin) exchange.

10.      Counterclaim Defendant, Jonathan Silverman is a former employee of Kraken who was terminated in or about December 2017.

## FACTS

11.      In or about April 2017, Kraken hired Silverman to the position of "Managing Director, Sales and Trading" in the Company's New York office.

12.      Silverman worked for Kraken in this position for nine months.

13.      In or about December 2017, Kraken terminated Silverman.

14.     On or about the date of Silverman's termination, Kraken and Silverman began discussions regarding a separation agreement to resolve any claims related to Silverman's termination.

15.     Kraken regularly enters into separation agreements with terminated employees to cultivate positive relationships with former employees, ensure former employees maintain confidentiality of sensitive business information they learned while working for Kraken, and settle any potential claims former employees may bring against the Company to avoid the expense of litigation.

16.     At the time of Silverman's termination, Kraken had fully compensated Silverman for his services pursuant to an offer letter that detailed the terms of Silverman's employment and compensation.

17.     Kraken entered into settlement negotiations with Silverman for the reasons listed in Paragraph 15.  Kraken did not owe Silverman any money nor did Kraken have any obligation to pay Silverman additional compensation.

18.     At the beginning of these negotiations, Kraken sent Silverman a non-disclosure agreement and a draft separation agreement outlining the material terms for any settlement, including, among other things, a confidentiality provision and a provision providing for release of any employment-related claims against Kraken.

19.     Silverman requested a calculation of the amount of money he would receive under the separation agreement.

20.     Kaiser Ng, Kraken's Chief Financial Officer, attached a settlement amount and calculation to an email and, in the same email, stated that Pamela Merkadeau, Kraken's in-house counsel, would be sending the accompanying separation agreement shortly.

21.     Silverman received a draft of the separation agreement, including multiple material terms, before the parties agreed on the amount of money Silverman would receive under the separation agreement.

22.     In or about July 2017, Kraken and Silverman discussed the amount of money Silverman would receive under the separation agreement and ultimately agreed that the separation agreement would include a monetary payment to Silverman of $907,631.

23.     On information and belief, Silverman understood that the agreed-upon figure was simply one term of the separation agreement.  On or about July 20, 2018, Silverman emailed Kraken agreeing to the monetary amount of $907,631.  In the same email, Silverman requested that Kraken send him an updated draft of the separation agreement.

24.     For over four months following the parties' agreement on the monetary settlement amount, Kraken's in-house counsel, Pamela Merkadeau, and Silverman's counsel at the time engaged in negotiations regarding the other material terms of the separation agreement.

25.     On or about November 19, 2018, Silverman's counsel and Kraken's in-house counsel emailed regarding further revisions to the agreement.  Following this email exchange, Kraken's in-house counsel called Silverman's counsel requesting Silverman's counsel send Kraken redline edits to the agreement first.  Silverman and his counsel never followed up on the November exchange and five months later, initiated a lawsuit against Kraken for breach of the alleged settlement agreement and breach of an employment agreement that Silverman claims entitles him to commissions.

26.     Kraken does not believe it entered into a settlement agreement with Silverman as the parties never concluded negotiations of the material terms of the separation agreement, and

neither party ever signed the separation agreement. Kraken has accordingly pled as such in its Answer to Silverman's Amended Complaint.

27.     In its counterclaim, Kraken pleads in the alternative. If the Court finds that the parties did enter into a settlement agreement, Silverman breached the agreement by filing suit against Kraken.

28.     Silverman never attempted to finalize settlement discussions and never requested Kraken provide payment under the alleged settlement agreement.

29.     Rather, Silverman filed a lawsuit against Kraken alleging breach of the settlement agreement and employment-related claims that would have necessarily been resolved by the settlement agreement.

30.     By filing suit against Kraken on employment-related claims, Silverman breached the alleged settlement agreement.

31.     Since Silverman breached the contract before Kraken's obligation to perform on the contract commenced, no party has performed under the alleged settlement agreement.

32.     Silverman's breach was detrimental to the settlement agreement. A necessary term of the settlement agreement was a release of claims against Kraken and a confidentiality provision. These terms, in fact, constitute the consideration Kraken would have received under the settlement agreement.

33.     Silverman's lawsuit has forced Kraken to litigate Silverman's employment claims and Silverman's complaint makes numerous facts publicly available which Silverman would have been obligated to keep confidential under any settlement agreement.

34.     As such, Kraken can no longer perform under the alleged settlement agreement because Silverman has provided no consideration for a monetary payment as he materially breached the contract so as to undermine the entire purpose of the contract.

35.     Accordingly, Kraken requests equitable or monetary relief in an amount to be determined by the Court if the Court finds a settlement agreement was entered into by the parties as Silverman's material breach of the contract has harmed Kraken and eliminated all consideration that Kraken would have received under the contract.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

36.     The plaintiff repeats and realleges each and every preceding paragraph as if fully set forth herein.

37.     To the extent Kraken and Silverman entered into a settlement agreement and formed a contract, necessary terms of the settlement agreement were that Silverman release his employment claims against the Company and maintain confidentiality over the termination and other aspects of his employment.

38.     Silverman filed a lawsuit against Kraken on employment claims, alleging he is entitled to a commission or, in the alternative, equitable relief in the form of unjust enrichment or quantum meruit for his contributions to the Company.

39.     In his Complaint, Silverman included numerous allegations that disclose confidential information that Silverman agreed not to disclose under the alleged settlement agreement.

40.     Silverman materially breached the contract and removed all consideration that would have been provided to Kraken under the contract's terms.

41.     Neither party has performed under the contract and thus, it is possible to make the parties whole by declaring the contract null and void.

42.     In light of Silverman's material breach of contract and failure to provide consideration, the contract should be declared null and void and should be rescinded.

43.     Alternatively, Counterclaim Plaintiff is entitled to recover damages in an amount to be determined at trial to compensate it for injury suffered by reason of said breach of contract.

WHEREFORE, Kraken prays for an entry of an award providing relief as follows:

A.  An order rescinding the settlement agreement between Kraken and Silverman and/or awarding damages in an amount to be determined at trial;

B.  Attorneys' fees, interest, costs, expenses, and disbursements incurred in this action; and

C.  Such other and further relief as the Court may deem just and proper.

Dated:          July 5, 2019
                New York, New York

                                Respectfully submitted,


                                By: _____
                                Christopher N. LaVigne
                                Pierce Bainbridge Beck Price & Hecht LLP
                                277 Park Avenue, 45th Floor
                                New York, New York, 10017
                                (646) 694-9666
                                clavigne@piercebainbridge.com

                                *Attorneys for Defendants Payward, Inc., Payward Ventures, Inc., Infinitude, LTD.*

20